1

2

3

4

5

6

7                           IN THE UNITED STATES DISTRICT COURT

8                              FOR THE DISTRICT OF OREGON

9                                   PORTLAND DIVISION

10

11   **BENJAMIN GOMEZ**,

12              Plaintiff,                          Case No. CV   09-869-SU
            v.
13                                                  **FINDINGS AND**
     **MICHAEL J. ASTRUE**, Commissioner            **RECOMMENDATION**
14   of Social Security,

15              Defendant.

16   Tim Wilborn
     PO Box 2768
17   Oregon City, Oregon 97045
              Attorney for plaintiff
18
     Dwight Holton
19   Acting United States Attorney
     District of Oregon
20   Adrian L. Brown
     Assistant United States Attorney
21   1000 S.W. Third Avenue, Suite 600
     Portland, Oregon 97204
22            Attorneys for defendant

23   SULLIVAN, Magistrate Judge:

24          The matters before the court are a stipulated motion for award of fees pursuant to the

25   Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of $6,382.37 (doc. ## 21, 22),

26   and a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (doc. # 24).  The fee requested

27

28   Findings and Recommendation Page 1

1    under § 406(b) is $20,308.65, 25% of the $82,524.40 awarded in retroactive benefits.  This is the

2    amount agreed to in the fee agreement and the maximum amount authorized by § 406(b).

3                                          **STANDARDS**

4          The rate for a fee award under EAJA is capped by statute and tied to the Consumer Price

5    Index.  <u>See</u>, e.g., <u>Ramon-Sepulveda v. INS</u>, 863 F.2d 1458j (9th Cir. 1988).

6          Section 406(b) controls fees awarded for representation of Social Security claimants.

7    <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 794 (2002).  Under § 406(b), the court may allow a

8    "reasonable fee" not to exceed 25% of the retroactive benefits awarded to the claimant.  *Id.* at

9    795.  However, § 406(b) "does not displace contingent-fee agreements as the primary means by

10   which fees are set for successfully representing Social Security benefits claimants."  *Id.* at 807.

11   Nevertheless, within the 25% maximum, the attorney for the successful claimant must show that

12   the fee sought is reasonable for the services rendered.  *Id.* at 807.

13         In evaluating a request for fees under § 406(b), the court must look to the fee agreement,

14   then test its reasonableness in the particular case.  <u>Crawford v. Astrue</u>, 586 F.3d 1142, 1149 (9th

15   Cir. 2009) (en banc), citing <u>Gisbrecht</u>, 535 U.S. at 808.  The factors to be weighed when

16   considering a reduction include the character of the representation, the results the representative

17   achieved, any delay attributable to the attorney seeking the fee, whether the benefits obtained

18   were proportionate to the time spent on the case, and the risk assumed by counsel in accepting

19   the case.  <u>Gisbrecht</u>, 535 U.S. at 808; <u>Crawford</u>, 586 F.3d at 1149.

20                                         **DISCUSSION**

21   **1.      Fees under EAJA**

22          Fees awarded under EAJA are governed by the statututory cap of $125 per hour and the

23   urban Consumer Price Index ("CPI-U").  <u>See</u> 28 U.S.C. § 2412(d)(2)(A) (hourly rate capped at

24   $125 per hour unless court determines that an increase in the cost of living or a special factor

25   justifies a higher fee).  To arrive at the current adjusted hourly rate, $125 is multiplied by the

26   urban Consumer Price Index ("CPI-U") for the current month, available at

27

28   Findings and Recommendation Page 2

1  http://www.bls.gov/cpi/cipd1007.pdf, and divided by the CPI-U for the month Congress adopted

2  the current EAJA ceiling, March 1996.  The stipulated amount is consistent with this rate and the

3  hours expended by counsel.

4      **2.      Fees under § 406(b)**

5      The court finds no basis for reducing the requested fee based on the character of the

6  representation, the results achieved, or delay attributable to the attorney seeking the fee.

7      In Harden v. Commissioner, 497 F. Supp.2d 1214, 1215 (D. Or. 2007), Judge Mosman

8  observed that "[t]here is some consensus among the district courts that 20-40 hours is a

9  reasonable amount of time to spend on a Social Security case that does not present particular

10 difficulty." (citing cases). Judge Mosman held that absent unusual circumstances or complexity,

11 "this range provides an accurate framework for measuring whether the amount of time counsel

12 spent is reasonable." *Id.* at 1216.  Plaintiff's attorney has submitted a document showing that the

13 total attorney time expended on this case was 36.55 hours, which is within the 20-40 hour range.

14 The retroactive benefits obtained were $82,524.40, for the period between July 2005 and

15 December 2010.

16     Counsel represents to the court that in Social Security court cases, there is only a 34.24%

17 chance of winning benefits for the claimant, so that a strict hourly rate limitation does not

18 provide adequate compensation for Social Security claimants' lawyers.  When the risk of non-

19 payment is considered, the contingent fee agreed to by plaintiff and counsel is reasonable.

20                                  **Conclusion**

21     I recommend that the stipulated motion for a fee award under EAJA in the amount of

22 $6,382.37 be granted, and that plaintiff's counsel be awarded the requested sum of $20,308.65

23 pursuant to § 406(b) less the amount awarded under EAJA.

24                              **Scheduling Order**

25     These Findings and Recommendation will be referred to a district judge.  Objections, if

26 any, are due **May 20, 2011.**  If no objections are filed, then the Findings and Recommendation

27

28 Findings and Recommendation Page 3

1   will go under advisement on that date. If objections are filed, then a response is due **June 6,**

2   **2011.** When the response is due or filed, whichever date is earlier, the Findings and

3   Recommendation will go under advisement.

4

5        Dated this 3rd day of May, 2011.

6                                                    /s/ Patricia Sullivan
                                                     Patricia Sullivan
7                                                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Findings and Recommendation Page 4